ALICE KAY ET AL. v. WILLIAM S. McAULEY.

FILED OCTOBER 1, 1901.   No. 9,957.

Commissioner's opinion, Department No. 2.

Action for Damages for Breach of Contract: PAYMENT: CANCELLATION OF SECURITIES. An action to recover damages for a breach of contract to purchase securities can not be maintained by one who, after making such contract to sell, has received payment thereof from the maker of such securities and has canceled the securities.

ERROR from the district court for Adams county. Tried below before BEALL, J. *Affirmed.*

*L. J. Capps,* for plaintiffs in error.

*Batty & Dungan, contra.*

SEDGWICK, C.

Plaintiffs in error began this action in the district court for Adams county to recover the purchase price of a real estate mortgage which they alleged they sold to defendant. Upon the trial below the court instructed the jury to return a verdict for defendant. Upon the verdict so returned judgment was entered, and plaintiffs bring the case to this court upon petition in error.

Plaintiffs sold a house and lot in Holstein, Nebraska, to one Carson, and took his note and mortgage on the premises for part of the purchase price. There was afterwards correspondence between the plaintiffs and the defendant in regard to the purchase of the securities by the defendant. The plaintiffs claim that this correspondence ripened into a contract between them, whereby the defendant agreed to purchase and the plaintiffs agreed to sell the note and mortgage in question. And that afterwards, being duly requested, the defendant refused to complete the transaction and pay the agreed price for the securities. It appears from the uncontradicted evidence in the record that soon after the refusal of defendant to complete the transaction, and before the commencement of this action, the plaintiffs, through their agent at Holstein, delivered the note secured by the mortgage to Carson, and accepted Carson's deed of the property described in the mortgage in full payment of the note. The note was thereupon canceled. The plaintiffs admit that they ratified this action of their agent, and that they still hold the deed. It seems to us that the proposition is too plain to admit of discussion, that under the circumstances the plaintiffs could not maintain an action at law for damages against the defendant on account of his refusal to receive and pay for the securities, the plaintiffs having canceled

the securities and put it absolutely beyond their power to complete the transaction. Various collateral matters are shown in the evidence, but if the plaintiffs have any ground for complaint of the part that defendant took in these collateral matters, they clearly have no remedy therefor in this action.

It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

SULLIVAN, J., absent, not voting.